NII.14843

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISON

| | | |
|---|---|---|
| **KAREN MOORE, INDIVDUALLY** | § | |
| **AS PERSONAL REPRESENTATIVE** | § | |
| **OF THE ESTATE OF SHENNEICE** | § | |
| **NICOLE MOORE DECEASED, AND** | § | |
| **ON BEHALF OF ALL WRONGFUL** | § | **CIVIL ACTION NO.  3:22-cv-1690** |
| **DEATH BENEFICIARIES** | § | |
| | § | **JURY** |
| **V.** | § | |
| | § | |
| | § | |
| **CLASS 1 TRANSPORT, INC. AND** | § | |
| **RODNEY YEARICK** | § | |
| | § | |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **CLASS 1 TRANSPORT, INC. and RODNEY YEARICK,** ("Defendants") in the above matter, and file this Notice of Removal under 28 U.S.C. §§ 1441 and 1332(a).

## I.
## BACKGROUND

1.      Plaintiffs sued **CLASS 1 TRANSPORT, INC** and **RODNEY YEARICK** in the 101ST District Court of Dallas County, Texas, Cause No. DC-22-06038, alleging the negligence of Defendants **CLASS 1 TRANSPORT, INC**. and **RODNEY YEARICK**.

2.      Defendant **CLASS 1 TRANSPORT, INC** was served on or about July 7, 2022.

3.      Defendant **RODNEY YEARICK** was served on or about July 9, 2022.

4.      Defendants have filed this Notice of Removal within the time period required.  28 U.S.C. §1446(b).

5.      Plaintiff **KAREN MOORE** is a resident of Dallas County, Texas.

6.      Defendant **CLASS 1 TRANSPORT, INC** is incorporated in the State of Pennsylvania with its principal place of business in McVeytown, Pennsylvania.

7.      Defendant **RODNEY YEARICK** is a resident of the State of Pennsylvania.

8.      Plaintiffs' Original Petition, filed contemporaneously herewith, seeks "monetary relief in excess of $250,000."

## II.
## BASIS FOR REMOVAL

6.      Removal is proper under 28 U.S.C. § 1332(a) because Plaintiffs' suit is a civil action in which this Court has original jurisdiction over the parties, based upon diversity jurisdiction under 28 U.S.C. § 1332.  This action is removable to this Court pursuant to the provisions of 28 U.S.C. §1441(b) because Plaintiffs' representative is a citizen of the State of Texas, and Defendant Class 1 Transport, Inc. is a Pennsylvania corporation with its principal place of business in Pennsylvania. Additionally, Defendant Rodney Yearick in an individual and resident of the State of Pennsylvania

7.      As noted above, Plaintiffs are, and were at the time this lawsuit was filed, a resident of the State of Texas.  *See* Plaintiffs' Original Petition, Paragraph 2.  On information and belief, Plaintiffs intend to continue residing in Texas and is thus domiciled in Texas.  *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (evidence of a person's place of residence is prima facie proof of his state of domicile, which presumptively continues unless rebutted with sufficient evidence of change).

8.     For diversity purposes, a person is considered a citizen of the state where that person is domiciled.  Additionally, for diversity purposes, a corporation is a citizen of both the state in which it was incorporated and the state in which it has its principal place of business.  28 U.S.C. §1332(c)(1).  For Defendants, this test implicates the State of Pennsylvania.

9.     Because the Plaintiffs and the Defendants to this suit do not share citizenship in any state, removal is proper on diversity grounds.

10.    Accordingly, because this notice of removal has been filed within thirty days after the receipt of a copy of the initial pleading setting forth the claim for relief, this removal is proper and timely under 28 U.S.C. §1446(b).

11.    Further, as set forth in Plaintiffs' Original Petition, filed with these pleadings here today, the amount in controversy in this action exceeds, exclusive of interest and costs, the sum of $250,000.  Thus, the amount in controversy meets the threshold for removal.

12.    The United States District Court for the Northern District of Texas, Dallas Division, embraces Dallas County, Texas, the place where the state court action was filed and is pending.  This statement is not meant as a waiver of any argument that venue is improper in the location in which the state court action was filed, but merely demonstrates the propriety of removing the action to this federal judicial district.

13.    All pleadings, process, orders, served upon Defendants or issued by the state court are attached to this Notice as Exhibit "A" as required by 28 U.S.C. § 1446(a).  No other motions are pending before the state court.

14.    Defendants will promptly file a copy of this Notice with the clerk of the state court in which the action is pending.

### III.
### REQUEST FOR JURY TRIAL

22.     Defendants hereby demands a trial by jury in accordance with the provisions of FED. R. CIV. P. 38.

WHEREFORE, PREMISES CONSIDERED, **CLASS 1 TRANSPORT, INC**, and **RODNEY YEARICK** as parties in diversity with the Plaintiffs, respectfully request that this action be immediately and entirely removed upon filing of this Notice of Removal to the United States District Court for the Northern District of Texas, Dallas Division, and for such other and further relief to which it may show itself to be justly entitled in equity or law.

Respectfully submitted,

**FEE, SMITH & SHARP, LLP**

*/s/ Michael P. Sharp*

**MICHAEL P. SHARP**
State Bar No. 00788857
msharp@feesmith.com
**BRETT D. TIMMONS**
State Bar No. 24013637
btimmons@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
(972) 934-9100 Telephone
(972) 934-9200 Facsimile

**ATTORNEYS FOR DEFENDANTS
CLASS 1 TRANSPORT, INC. and
RODNEY YEARICK**

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on  August 4, 2022, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas – Dallas Division, using the electronic case filing system of the Court.  The electronic filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means as follows:

***<u>Via E-Service:</u>***
Andrea Miles
Miles Law Group, PLLC
8035 E. RL Thornton Freeway
Suite 619
Dallas, TX 75228
*andrea@mileslegal.net*

*/s/ Michael P. Sharp*
_____

**MICHAEL P. SHARP**

# EXHIBIT "A"

NII.14843

## CAUSE NO. DC-22-06038

| | | |
|---|---|---|
| **KAREN MOORE, INDIVIDUALLY** | § | **IN THE DISTRICT COURT** |
| **AS PERSONAL REPRESENTATIVE** | § | |
| **OF THE ESTATE OF SHENNEICE** | § | |
| **NICOLE MOORE DECEASED, AND** | § | |
| **ON BEHALF OF ALL WRONGFUL** | § | |
| **DEATH BENEFICIARIES** | § | **101st JUDICIAL DISTRICT** |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **CLASS 1 TRANSPORT, INC. AND** | § | |
| **RODNEY YEARICK** | § | **DALLAS COUNTY, TEXAS** |

## INDEX OF PLEADINGS FILED IN THE STATE COURT ACTION

TO THE UNITED STATES DISTRICT CLERK:

Pursuant to 28 U.S.C. § 1447(b), attached hereto are the following complete true and correct copies of all documents filed in the state court action:

1. State Court's Docket Sheet
2. Plaintiffs' Original Petition (06.06.22)
3. Notice to PL Karen Moore of Zoom Dismissal Hearing set 08.12.22 at 9am (06.15.22)
4. Notice to DF Rodney Yearick of Zoom Dismissal Hearing set 08.12.22 at 9am (06.15.22)
5. Notice to DF Class 1 Transport, Inc. of Zoom Dismissal Hearing set 08.12.22 at 9am (06.15.22)
6. Notice of Dismissal for Want of Prosecution (06.21.22)
7. Issuance of Citation to Defendant Class 1 Transport, Inc. (06.06.22)
8. Issuance of Citation to Defendant Rodney Yearick (06.06.22)
9. Return of Service of Citation to Defendant Rodney Yearick (served 07.09.22)
10. Return of Service of Citation to Defendant Class 1 Transport, Inc. (served 07.07.22)
11. Defendants' Original Answer and Jury Demand (08.01.22)
12. Notice of Trial Setting to Plaintiffs' counsel Andrea Miles (set 06.13.23 at 9am) (08.02.22)
13. Notice of Trial Setting to Defendants' counsel Michael Sharp (set 06.13.23 at 9am) (08.02.22)

Respectfully submitted,

*/s/ Michael P. Sharp*

_____

**MICHAEL P. SHARP**
State Bar No. 00788857
Email:  msharp@feesmith.com
**FEE, SMITH, & SHARP, LLP**
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
Tel:  972-934-9100
Fax:  972-934-9200
**ATTORNEYS FOR DEFENDANTS
CLASS 1 TRANSPORT, INC. and
RODNEY YEARICK**

## CERTIFICATE OF SERVICE

In accordance with the Federal Rules of Civil Procedure, I hereby certify that on  August 3, 2022 a true and correct copy the foregoing instrument was served on the following counsel of record authorized by Federal Rule of Civil Procedure 5(b)(2):

*Via E-Service:*
Andrea Miles
Miles Law Group, PLLC
8035 E. RL Thornton Freeway
Suite 619
Dallas, TX 75228
*Attorneys for Plaintiff*

*/s/ Michael P. Sharp*

_____

**MICHAEL P. SHARP**

## Case Information

DC-22-06038 | KAREN MOORE vs. CLASS 1 TRANSPORT, INC, et al

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-22-06038 | 101st District Court | WILLIAMS, STACI |
| File Date | Case Type | Case Status |
| 06/06/2022 | MOTOR VEHICLE ACCIDENT | OPEN |

## Party

PLAINTIFF
MOORE, KAREN

Active Attorneys ▼
Lead Attorney
MILES, ANDREA
Retained

DEFENDANT
CLASS 1 TRANSPORT, INC

Active Attorneys ▼
Lead Attorney
SHARP, MICHAEL PAUL
Retained

Attorney
WRIGHT, ROB W.
Retained

DEFENDANT
YEARICK, RODNEY

Address
1470 MIDDLE ROAD
LEWISTOWN PA 17004

Active Attorneys ▼
Lead Attorney
SHARP, MICHAEL PAUL
Retained

Attorney
WRIGHT, ROB W.
Retained

## Events and Hearings

06/06/2022 NEW CASE FILED (OCA) - CIVIL

06/06/2022 ORIGINAL PETITION ▼

ORIGINAL PETITION

06/06/2022 ISSUE CITATION ▼

ISSUE CITATION - CLASS 1 TRANSPORT, INC

ISSUE CITATION - RODNEY YEARICK

06/21/2022 NOTICE OF DISMISSAL FOR WANT OF PROSECUTION ▼

NOTICE OF DISMISSAL FOR WANT OF PROSECUTION

06/22/2022 CITATION ▼

Served
07/09/2022

Anticipated Server
ESERVE

Anticipated Method
Actual Server
OUT OF STATE

Returned
07/25/2022
Comment
RODNEY YEARICK - ESERVE

06/22/2022 CITATION ▼

Served
07/07/2022

Anticipated Server
ESERVE

Anticipated Method
Actual Server
OUT OF STATE

Returned
07/25/2022
Comment
CLASS 1 TRANSPORT, INC. - ESERVE

07/25/2022 RETURN OF SERVICE ▾

AFFIDAVIT OF SERVICE - EXECUTED CITATION - RODNEY YEARICK

Comment
AFFIDAVIT OF SERVICE - EXECUTED CITATION - RODNEY YEARICK

07/25/2022 RETURN OF SERVICE ▾

AFFIDAVIT OF SERVICE - EXECUTED CITATION - CLASS 1 TRANSPORT INC

Comment
AFFIDAVIT OF SERVICE - EXECUTED CITATION - CLASS 1 TRANSPORT INC

08/01/2022 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORIGINAL ANSWER - RODNEY YEARICK AND CLASS 1 TRANSPORT, INC.

08/12/2022 DISMISSAL FOR WANT OF PROSECUTION ▾

101st Dismissal2021Remote - 101st

101st Dismissal2021Remote - 101st

101st Dismissal2021Remote - 101st

Judicial Officer
WILLIAMS, STACI

Hearing Time
9:00 AM

Cancel Reason
BY COURT ADMINISTRATOR

06/13/2023 Jury Trial - Civil ▾

101st J/NJ Trial Notice 2021

101st J/NJ Trial Notice 2021

Judicial Officer
WILLIAMS, STACI

Hearing Time
9:00 AM

## Financial

MOORE, KAREN

|  |  |  |  |  |
|---|---|---|---|---|
| | Total Financial Assessment | | | $366.00 |
| | Total Payments and Credits | | | $366.00 |
| 6/10/2022 | Transaction Assessment | | | $366.00 |
| 6/10/2022 | CREDIT CARD - TEXFILE (DC) | Receipt # 34670-2022-DCLK | MOORE, KAREN | ($229.00) |
| 6/10/2022 | STATE CREDIT | | | ($137.00) |

## Documents

ORIGINAL PETITION

101st Dismissal2021Remote - 101st

101st Dismissal2021Remote - 101st

101st Dismissal2021Remote - 101st

NOTICE OF DISMISSAL FOR WANT OF PROSECUTION

ISSUE CITATION - CLASS 1 TRANSPORT, INC

ISSUE CITATION - RODNEY YEARICK

AFFIDAVIT OF SERVICE - EXECUTED CITATION - RODNEY YEARICK

AFFIDAVIT OF SERVICE - EXECUTED CITATION - CLASS 1 TRANSPORT INC

ORIGINAL ANSWER - RODNEY YEARICK AND CLASS 1 TRANSPORT, INC.

101st J/NJ Trial Notice 2021

101st J/NJ Trial Notice 2021

FILED
6/6/2022 1:11 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Belinda Hernandez DEPUTY

2 CIT/ESERVE

NO. DC-22-06038

| | | |
|---|---|---|
| KAREN MOORE, INDIVIDUALLY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF SHENNEICE NICOLE MOORE DECEASED, AND ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| Plaintiffs, | § | 101st _____ JUDICIAL DISTRICT |
| V. | §<br>§ | |
| CLASS 1 TRANSPORT, INC. AND RODNEY YEARICK, Defendants. | §<br>§<br>§<br>§ | OF DALLAS COUNTY, TEXAS |

**PLAINTIFFS' ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, Plaintiffs, **KAREN MOORE, INDIVIDUALLY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF SHENNEICE NICOLE MOORE, DECEASED, AND ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES**, who, as lawful heirs of the decedent and as statutory beneficiaries under TEX. CIV. PRAC. & REM. CODE ANN. § 71.004, files this Original Petition and Requests for Disclosure, complaining of and against **CLASS 1 TRANSPORT, INC., AND RODNEY YEARICK** (collectively "Defendants"), and would respectfully show unto the Court as follows:

**I.**
**DISCOVERY CONTROL PLAN**

Plaintiffs submit this action under Discovery Control Plan Level II, per Rule 190.3 of the

PLAINTIFFS' ORIGINAL PETITION

1

Texas Rules of Civil Procedure.

## II.
## RELIEF

1.       Plaintiffs seek monetary relief over $1,000,000.00. Plaintiff seeks all other relief to which she may show herself to be justly entitled.

## III.
## JURISDICTION

This is a wrongful death action involving negligence, gross negligence, and negligence *per se* of the Defendants brought pursuant to TEX. CIV. PRAC. & REM CODE § 71.001 *et. seq.* and § 71.021 *et. seq.* This Court has jurisdiction as the Plaintiffs' damages sought far exceed the minimum jurisdictional limits of this Court.

Defendants have established minimum contacts in Texas by driving, shipping, carrying, transporting, traversing, and delivering goods in and through the State of Texas. Further, all Defendants were engaged in interstate commerce in Texas and committed a tort in whole or in part in Texas. Therefore, this Court has specific personal jurisdiction over all Defendants. In addition, all Defendants have had continuous and systematic contact with Texas invoking general personal jurisdiction over them.

## IV.
## VENUE

Venue is proper in Dallas County, as all or a substantial part of the events giving rise to this claim occurred in Dallas County, pursuant to C.P.R.C. §§ 15.002(a)(1), C.P.R.C. 15.002(a)(1), § 15.002(a)(2) and 15.005.

## V.
## PARTIES

Plaintiff, Karen Moore, is an individual residing in Dallas County, Texas. She is the natural Mother of Shenniece Nicole Moore, deceased. As such, she brings this wrongful death

PLAINTIFFS' ORIGINAL PETITION

2

action pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 71.002, for all damages entitled to statutory beneficiaries for the loss of Shenniece Nicole Moore.

Plaintiff will be petitioning the Probate Court in Dallas County for an administration of the Estate of Shenniece Nicole Moore since the decedent has minor children and her lawful heirs will need to be declared by the Probate Court.

Defendant, **CLASS 1 TRANSPORT, INC.** ("Class 1") is a Corporation organized under the laws of the State of Pennsylvania, and service of process on the Defendant may be effected pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the Registered Agent of the Corporation, David F. Bratton, RD #2 Box 12B McVeytown, Pennsylvania 17051 **Issuance of citation is requested at this time.**

Defendant, **RODNEY YEARICK**("Yearick"), an individual who may be served with process in Mifflin County Pennsylvania at Defendant's place of residence, located at 1470 Middle Road, Lewistown, Pennsylvania 17004 or wherever Defendant may be found. **Issuance of citation is requested at this time.**

Whenever in this petition it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants, and/or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification, or approval of that Defendant or was done in the routine and normal course and scope of employment of that Defendants' officers, directors, vice-principals, agents, servants, and/or employees. Accordingly, Defendants had actual knowledge of all adverse actions and conduct against Decedent through Defendants' respective officers, directors, vice-principals, agents, servants, and/or employees.

## VI.
## FACTS

On or about February 10, 2022, in the proximity of eastbound IH 30 in the express lane

near Edgefield Avenue, in Dallas County, Texas, a collision occurred involving a 2020 red Kenworth, operated by Defendant Yearick, and Decedent who was a pedestrian.

Defendant Yearick stated that he saw Decedent before he struck her with the front left of his vehicle causing Decedent's fatal injuries.

Accordingly, any reasonable person could believe that Plaintiffs have a cause of action, based on the facts described herein. It was the Defendants' negligence, and negligence *per se*, which was the proximate cause of Decedent's fatal injuries and Plaintiffs' damages.

## VII.
## NEGLIGENCE OF DEFENDANT RODNEY YEARICK AND CLASS 1 TRANSPORT, INC.

At all material times, Defendant Yearick was acting on behalf of Defendant Class 1. Defendant Yearick's conduct was the proximate cause of Decedent's untimely death in that said Defendant's acts or omissions constituted negligence, negligence *per se,* gross negligence, and/or malice in the following acts, to-wit:

     a.    In failing to keep such a lookout as a person of ordinary prudence would have kept under similar circumstances;

     b.    In failing to apply the brakes to the vehicle in order to avoid the collision;

     c.    In failing to turn the direction of the vehicle, in order to avoid the accident;

     d.    In failing to use due care to avoid the collision;

     e.    In failing to sound horn prior to the accident;

     f.    In failing to identify, predict, decide and execute evasive maneuvers appropriately in order to avoid collision;

     g.    In driving recklessly, in violation of Texas Transportation Code §545.401;

     h.    In causing an accident involving personal injuries or death in violation of Texas Transportation Code §550.021;

     i.    In failing to act as a reasonably prudent person would have under the same or similar circumstances;

j.      In violating several other sections of the Texas Transportation Code.

Each of the above acts and omissions, singularly or in combination with each other, was a proximate cause of Plaintiff sustaining injuries and damages that are described below. As a result, Plaintiff cause of action arises out of a basis of law, thus entitling Plaintiff to the relief sought.

## VIII.
## NEGLIGENCE PER SE OF DEFENDANT YEARICK

Defendant Yearick's conduct described herein constitutes an unexcused breach of duty imposed by the Texas Transportation Code, which said acts or omissions constituted negligence *per se* in the following acts, to wit:

a.      In driving at a speed greater than is reasonable and prudent under the circumstances then existing in violation of Texas Transportation Code § 545.351(a);

b.      In violating several other sections of the Texas Transportation Code.

Defendant Yearick had a duty when operating the motor vehicle to control the speed of the vehicle in such a manner as not to be a hazard to others, such as Decedent.

## IX.
## NEGLIGENT OF ENTRUSTMENT

Plaintiff incorporates all of the allegations in the preceding paragraphs.

Defendant Class 1 Transport, Inc. is the owner of the vehicle entrusted to Defendant Yearick for the purpose of work, and Defendant Yearick was an employee performing his regular course of work while in control and possession of the vehicle on the date of the collision. Defendant Class 1 knew or had reason to know of Defendant Yearick's incompetence to drive the vehicle at the time of entrustment. Defendant Class 1 was negligent and reckless at the time of the accident and was the proximate cause of the Decedent's injuries as a result of the accident.

Each of the above acts and omissions, singularly or in combination with each other, was a proximate cause of Decedent sustaining significant injuries, which resulted in her death and the

Plaintiffs' damages that are described below.

## X.
## <u>VICARIOUS LIABILITY OF DEFENDANT CLASS 1 TRANSPORT, INC,</u>

Defendant Rodney Yearick was driving the Kenworth in the course and scope of his employment, agency, or contract for Defendant Class 1 when he collided with Decedent. Consequently, Class 1 is vicariously liable for the wrongful death damages arising from the instant lawsuit.

## XI.
## NEGLIGENT HIRING, TRAINING, RETENTION, SUPERVISION, AND FAILURE TO CONTROL

Defendant Class 1 owed a duty to other motorists to hire safe, competent drivers, to implement and enforce safety policies and procedures to train, instruct, monitor, and supervise its drivers, and to take actions to control their drivers to prevent collisions and injuries to other motorists, including Decedent, but failed to do so. Defendant Class 1's negligent acts and/or omissions in this regard include, but are not limited to the following:

a.  Failing to train and instruct drivers in proper techniques;

b.  Failing to prohibit unsafe driving practices;

c.  Permitting, encouraging and approving unsafe driving practices;

d.  Failing to implement and/or enforce reasonable policies and procedures pertaining to safe driving operations;

e.  Failing to monitor drivers;

f.  Negligent and reckless hiring; qualification and retention of unfit, unsafe drivers;

g.  Negligent entrustment of commercial motor vehicles to unfit, unsafe drivers;

h.  Negligently creating or allowing a culture of non-compliance by failing to require observance and approving violations of rules and regulations for commercial motor vehicles; and

i.  Aiding, abetting, and encouraging drivers to violate rules of the road.

These acts and omissions described above, singularly or in combination, amount to negligence and were a proximate cause of the collision involving Decedent made the basis of this suit.

## XII.
## EXEMPLARY DAMAGES

Defendants' negligence and malice was the proximate cause of Decedent's untimely and wrongful death and suffering; thus, the Defendants are liable for punitive damages pursuant to Section 26, Article XVI of the Texas Constitution and TEX. CIV. PRAC. & REM. CODE ANN.§ 71.009. Moreover, the conduct of the Defendants Yearick and Class 1 entitle the Plaintiffs to recover exemplary damages, under TEX. CIV. PRAC. & REM. CODE ANN. § 41.003, against Defendants. Plaintiffs, therefore, seek punitive or exemplary damages from Defendants, in addition to Plaintiff's actual damages due to the Decedent's death.

The harm with respect to which Plaintiffs seek recovery of exemplary damages was the direct result of Defendants' fraud, malice and/or gross negligence, as such terms are defined by law.

Defendants owed a legal duty to Decedent to adhere to the regulations of the Texas Transportation Code defined hereinabove. Defendants, however, breached their respective duties to Decedent and Plaintiffs as indicated herein.

The acts or omissions of Defendants involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

Defendants each had actual subjective awareness of the risks involved in failing to control the speed of the vehicles as necessary to avoid a collision, nevertheless, each Defendant proceeded in such an entire want of care as could have resulted only from the conscious indifference of the rights and safety or welfare of others.

PLAINTIFFS' ORIGINAL PETITION

By reason of such conduct, Plaintiffs are entitled and hereby sue for exemplary damages, in the amount of five million dollars ($5,000,000.00) as determined by the trier of fact, an amount sufficient to punish and deter Defendants and others like them from such conduct in the future. Plaintiffs therefore will seek damages, in an amount to be determined by the trier of fact, commensurate with:

a.    the nature of the wrong committed by Defendants;
b.    the inhumane character of Defendants' course of conduct;
c.    the degree of culpability of the wrongdoers herein;
d.    the helpless and dependent nature of the victims in this case; and
e.    the severity, frequency, degree, and extent to which such conduct described hereinabove offends a public sense of justice and propriety.

## XIII.
## WRONGFUL DEATH DAMAGES

As a result of the untimely death of Decedent Plaintiffs, suffered irreparable damages. Plaintiffs seek damages pursuant to Texas Wrongful Death Statute, codified at TEX. CIV. PRAC. & REM. CODE § 71.001 *et. seq.*

At the time of the horrific collision, Shenniece Nicole Moore, was only thirty-six (36) years of age. She was in good health and according to the National Vital Statistic Report of the United States Life Tables, 2019, Volume 68, would have, in all likelihood, lived an additional forty-two (42) years. Within that time, Decedent would have earned a substantial amount of earnings, until her retirement.

Plaintiffs will continue to incur economic damages for what should have been Decedent's normal life span, but for the fact that she was killed due to Defendants' conduct.

As a result of Decedent's untimely death, her family, including Plaintiffs, have suffered pecuniary losses of maintenance, support, household services, advise, counsel, and contribution of a pecuniary value that they would have, in all reasonable probability, received from their mother and daughter during her respective lifetime, had she lived.

Plaintiffs have further suffered additional losses by virtue of the destruction of the

PLAINTIFFS' ORIGINAL PETITION

mother-child relationships, including the right to love, affection, care, maintenance, comfort, companionship, society, emotional support and/or support services, advice, counsel, and happiness which Plaintiff received from Decedent prior to this death. In all reasonable probability, Plaintiffs will continue to suffer the loss of comfort and compassion in the future.

Plaintiffs have individually suffered and been forced to endure extreme mental depression, anguish, grief, and sorrow as a result of learning the facts regarding Decedent's death. There is a more than reasonable probability that Plaintiffs will continue so suffering the pain, mental anguish, depression, mental impairment for a long time into the future. Plaintiff seeks damages for both past and future emotional pain, mental depression, torment, anguish, grief, suffering, and sorrow.   Plaintiffs also sue for the damages they have incurred as a result of Decedent's death, and for the sums relating to Decedent's funeral, burial, and other related expenses.

Plaintiffs allege that all of these damages, as well as the occurrence made the basis of this cause, were proximately caused solely by the conduct of Defendants and that Defendants are liable,  jointly and severally, for Decedent's death.

For the loss and damages, Plaintiffs seek damages in a sum far exceeding the minimum jurisdictional limits of the Court, as provided by the Texas Wrongful Death Statute codified at TEX. CIV. PRAC. & REM. CODE § 71.001 *et. seq.*, and the Texas Survival Statute of the TEX. CIV. PRAC. & REM. CODE § 71.021.

Plaintiffs are the lawful heirs of Shenniece Nicole Moore. There are no other interested parties to this action, and this action is being brought for the benefit of all beneficiaries.

The injuries, death, and damages of the Decedent were proximately caused by the negligence of Defendant. Plaintiffs, here and now, sues for wrongful death and survival damages including but not limited to damages Decedent incurred prior to her death and for the damages Plaintiffs have incurred due to Decedent's death. Plaintiffs alleges that Decedent's damages and

PLAINTIFFS' ORIGINAL PETITION

death were solely and proximately caused solely by Defendants' conduct, as set forth above, and that Defendants are liable, jointly and severally, for Decedent's death.

## XIV.
## TRIER OF FACT

Plaintiffs respectfully request that a jury be convened to try the factual issues of this cause.

## XV.
## NOTICE OF USE OF DOCUMENTS

Pursuant to Texas Rules of Civil Procedure 166a(d) and 193.7, Plaintiffs hereby give notice to Defendants that they intend to use all discovery products, responses, and documents exchanged and produced between the parties as summary judgment evidence, in any pretrial proceeding, and/or at trial in this cause.

## XVI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs prays that Defendants be cited to appear and answer in this cause and that, upon final trial, Plaintiffs be awarded a Final Judgment against Defendants, jointly and severally, for the following:

A.    A sum in excess of two million dollars ($2,000,000.00) for the Decedent's wrongful death;

B.    A sum in excess of the minimum jurisdictional limits of this Court for Plaintiffs' individual past and future physical pain and suffering, mental anguish, physical and mental impairment, the funeral and burial expenses Plaintiffs have incurred, lost wages, wage impairment, lost earning capacity, loss of comfort and compassion, loss of economic support, loss of inheritance, and other actual damages;

C.    A sum in excess of five million dollars ($5,000,000.00) for exemplary/punitive damages for Defendants' gross negligence;

D.    Monetary relief in excess of $1,000,000.00;

E.    Pre-Judgment interest on all damages awarded at the highest legal rate;

F.      Costs of Court;

G.      Post-Judgment interest on all sums awarded herein at the highest legal rate until paid; and

H.      Such other and further relief to which Plaintiffs may be justly entitled at law or in equity, specific or general.

Respectfully Submitted,

**MILES LAW GROUP, PLLC**

By:  _Andrea Miles_

Andrea Miles
State Bar No. 24098102
andrea@mileslegal.net

8035 E RL Thornton Freeway Suite 619
Dallas, Texas 75228
Telephone:     (469) 480-3070
Facsimile:      (469) 533-5702

**ATTORNEYS FOR PLAINTIFFS**



**101st JUDICIAL DISTRICT COURT**
GEORGE L. ALLEN COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4604

6/15/2022

KAREN MOORE

No Known Address

Cause No:        DC-22-06038

              KAREN MOORE

              vs.

              CLASS 1 TRANSPORT, INC. et al

ALL COUNSEL OF RECORD AND PRO SE PARTIES:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rules of Civil Procedure and pursuant to the inherent power of the Court, on:

              **08/12/2022 at 9:00 AM**

The court is working remotely; therefore, if you wish to retain the case in the docket, you must send an email to 101court@dallascounty.org no later than 3:00 pm the day before the dismissal docket.

If no answer has been filed, you are expected to have moved for a default judgment on or prior to that date. Your failure to have done so will result in the dismissal of the case on the above date.

If an answer has been filed, the case will not be dismissed.

Sincerely,

Presiding Judge
101st Judicial District Court


CC:      KAREN MOORE; CLASS 1 TRANSPORT, INC; RODNEY YEARICK



**101ˢᵗ JUDICIAL DISTRICT COURT**
GEORGE L. ALLEN COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4604

6/15/2022

RODNEY YEARICK

1470 MIDDLE ROAD

LEWISTOWN PA 17004

Cause No:      DC-22-06038

KAREN MOORE

vs.

CLASS 1 TRANSPORT, INC. et al

ALL COUNSEL OF RECORD AND PRO SE PARTIES:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rules of Civil Procedure and pursuant to the inherent power of the Court, on:

**08/12/2022 at 9:00 AM**

The court is working remotely; therefore, if you wish to retain the case in the docket, you must send an email to 101court@dallascounty.org no later than 3:00 pm the day before the dismissal docket.

If no answer has been filed, you are expected to have moved for a default judgment on or prior to that date.  Your failure to have done so will result in the dismissal of the case on the above date.

If an answer has been filed, the case will not be dismissed.

Sincerely,

Stan Wilhem

Presiding Judge
101st Judicial District Court

CC:     KAREN MOORE; CLASS 1 TRANSPORT, INC; RODNEY YEARICK



**101ˢᵗ JUDICIAL DISTRICT COURT**
GEORGE L. ALLEN COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4604

6/15/2022

CLASS 1 TRANSPORT, INC

No Known Address

Cause No:       DC-22-06038

          KAREN MOORE

          vs.

          CLASS 1 TRANSPORT, INC, et al

ALL COUNSEL OF RECORD AND PRO SE PARTIES:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rules of Civil Procedure and pursuant to the inherent power of the Court, on:

          **08/12/2022 at 9:00 AM**

The court is working remotely; therefore, if you wish to retain the case in the docket, you must send an email to 101court@dallascounty.org no later than 3:00 pm the day before the dismissal docket.

If no answer has been filed, you are expected to have moved for a default judgment on or prior to that date.  Your failure to have done so will result in the dismissal of the case on the above date.

If an answer has been filed, the case will not be dismissed.

Sincerely,

Presiding Judge
101st Judicial District Court


CC:       KAREN MOORE; CLASS 1 TRANSPORT, INC; RODNEY YEARICK

FILED
6/21/2022 8:20 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Cassandra Walker DEPUTY



**101ˢᵗ JUDICIAL DISTRICT COURT**
GEORGE L. ALLEN COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4604

6/15/2022

RODNEY YEARICK

1470 MIDDLE ROAD

LEWISTOWN PA  17004

Cause No:     DC-22-06038

            KAREN MOORE

            vs.

            CLASS 1 TRANSPORT, INC, et al

ALL COUNSEL OF RECORD AND PRO SE PARTIES:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rules of Civil Procedure and pursuant to the inherent power of the Court, on:

**08/12/2022 at 9:00 AM**

The court is working remotely; therefore, if you wish to retain the case in the docket, you must send an email to 101court@dallascounty.org no later than 3:00 pm the day before the dismissal docket.

If no answer has been filed, you are expected to have moved for a default judgment on or prior to that date.  Your failure to have done so will result in the dismissal of the case on the above date.

If an answer has been filed, the case will not be dismissed.

Sincerely,

*[signature]*

Presiding Judge

101st Judicial District Court

CC:     KAREN MOORE; CLASS 1 TRANSPORT, INC; RODNEY YEARICK

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 65651252
Status as of 6/22/2022 11:41 AM CST

Associated Case Party: KAREN MOORE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Andrea Miles | 24098102 | andrea@mileslegal.net | 6/21/2022 8:20:43 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jorge Sanchez | | 101court@dallascounty.org | 6/21/2022 8:20:43 PM | SENT |

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

**To:**    **CLASS 1 TRANSPORT, INC**
**BY SERVING DAVID F. BRATTON, RD #2 BOX 12B**
**MCVEYTOWN, PENNSYLVANIA 17051**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL PETITION**, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **101st District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **KAREN MOORE**
Filed in said Court **6th day of June, 2022** against

**CLASS 1 TRANSPORT, INC; RODNEY YEARICK**

For Suit, said suit being numbered **DC-22-06038,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition and **REQUEST FOR DISCLOSURES**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 22nd day of June, 2022**
ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By_____, Deputy
**DANITRA BROWN**

ESERVE

# CITATION

No.: <u>DC-22-06038</u>

<u>KAREN MOORE</u>
<u>vs.</u>
<u>CLASS 1 TRANSPORT, INC, et al</u>

**ISSUED**
**on this the 22nd day of June, 2022**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **DANITRA BROWN**, Deputy

**Attorney for Plaintiff**
**ANDREA MILES**
MILES LAW GROUP PLLC
8035 E RL THORNTON FREEWAY
SUITE 619
DALLAS TX 75228
469-480-3070
andrea@mileslegal.net
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

**OFFICER'S RETURN**

Cause No. DC-22-06038

Court No.: 101st District Court

Style: KAREN MOORE
vs.
CLASS 1 TRANSPORT, INC, et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M.

Executed  at  _____, within  the  County  of  _____  at

_____ o'clock _____ .M. on the _____ day of _____, 20_____,

by                        delivering                        to                        the                        within                        named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:     To certify which witness my hand.

<table>
<tr><td>For serving Citation</td><td>$_____</td><td colspan="2">_____</td></tr>
<tr><td>For mileage</td><td>$_____</td><td>of_____ County, _____</td><td></td></tr>
<tr><td>For Notary</td><td>$_____</td><td>By_____</td><td>Deputy</td></tr>
</table>

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this _____ day of _____,

20_____, to certify which witness my hand and seal of office.


_____
Notary Public_____ County_____

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

**ESERVE**

# CITATION

No.: __DC-22-06038__

To:   **RODNEY YEARICK**
      **1470 MIDDLE ROAD**
      **LEWISTOWN PA  17004**

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL PETITION**, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **101st District Court** at 600 Commerce Street, Dallas, Texas 75202.

 Said Plaintiff being **KAREN MOORE**
Filed in said Court  **6th day of June, 2022** against

**CLASS 1 TRANSPORT, INC; RODNEY YEARICK**

For Suit, said suit being numbered __DC-22-06038,__ the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition and **REQUEST FOR DISCLOSURES**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
 Given under my hand and the Seal of said Court at office  **on this the 22nd day of June, 2022**
ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By _(signature)_, Deputy
**DANITRA BROWN**

__KAREN MOORE__
vs.
__CLASS 1 TRANSPORT, INC, et al__

**ISSUED**
**on this the 22nd day of June, 2022**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: __DANITRA BROWN__, Deputy

**Attorney for Plaintiff**
**ANDREA MILES**
MILES LAW GROUP PLLC
8035 E RL THORNTON FREEWAY
SUITE 619
DALLAS TX  75228
469-480-3070
andrea@mileslegal.net
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

**OFFICER'S RETURN**

Cause No. DC-22-06038

Court No.: 101st District Court

Style: KAREN MOORE
vs.
CLASS 1 TRANSPORT, INC, et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____ .M.

Executed  at  _____, within  the  County  of  _____  at

_____ o'clock _____ .M. on the _____ day of _____, 20_____,

by _____ delivering _____ to _____ the _____ within _____ named

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:     To certify which witness my hand.

For serving Citation    $_____    _____

For mileage               $_____    of_____ County, _____

For Notary               $_____    By_____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,

20_____, to certify which witness my hand and seal of office.

_____
Notary Public_____ County_____

FILED
7/25/2022 4:29 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
SADAF RAJPUT DEPUTY

## NO. DC-22-06038

| | |
|---|---|
| KAREN MOORE, INDIVIDUALLY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF SHENNEICE NICOLE MOORE DECEASED, AND ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES | IN THE DISTRICT COURT |
| Plaintiffs | 101ST JUDICIAL DISTRICT |
| V. | |
| CLASS 1 TRANSPORT, INC. AND RODNEY YEARICK | OF DALLAS COUNTY, TEXAS |
| Defendants. | |

### RETURN OF SERVICE

I, Gary Winfrey, being duly sworn, states as follows: I am 18 years or older, am not a party to the action, nor an employee or a relative of a party and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein.

I hereby certify that I served a true and correct copy of the Texas Citation and Plaintiff's Original Petition and Requests for Disclosure for Rodney Yearick in the above-referenced matter as follows: By hand delivering to Rodney Yearick personally at 1470 Middle Road, Lewistown PA 17004 on Saturday, July 9, 2022 at 12:01 PM EST. Rodney Yearick is described as: Caucasian, Male, 350lb, 5'8", 61 years old, gray hair, and brown eyes.

I hereby certify that the foregoing statements are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are subject to penalties relating to unsworn falsification to authorities.

Sworn and subscribed to
Before me this 9th day
of July 2022

Gary Winfrey, Process Server

Notary Public
My Commission Expires: 10/23/2022
Cumberland County, PA

Commonwealth of Pennsylvania - Notary Seal
CAROL A CLABAUGH - Notary Public
Cumberland County
My Commission Expires Oct 23, 2022
Commission Number 1286388

FILED
7/25/2022 4:29 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
SADAF RAJPUT DEPUTY

## NO. DC-22-06038

| | |
|---|---|
| KAREN MOORE, INDIVIDUALLY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF SHENNEICE NICOLE MOORE DECEASED, AND ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES | IN THE DISTRICT COURT |
| Plaintiffs | 101ST JUDICIAL DISTRICT |
| V. | |
| CLASS 1 TRANSPORT, INC. AND RODNEY YEARICK | OF DALLAS COUNTY, TEXAS |
| Defendants. | |

## RETURN OF SERVICE

I, Gary Winfrey, being duly sworn, states as follows: I am 18 years or older, am not a party to the action, nor an employee or a relative of a party and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein.

I hereby certify that I served a true and correct copy of the Texas Citation and Plaintiff's Original Petition and Requests for Disclosure for Class 1 Transport, Inc. in the above-referenced matter as follows: By hand delivering to David F. Bratton, Vice President at Class 1 Transport, Inc., personally at 7054 US Highway 522 South, McVeytown, PA 17051-7489 on Thursday, July 7, 2022 at 4:45 PM EST. David F. Bratton is described as: Caucasian, Male, 220lb, 5'7", 52 years old, gray hair, and brown eyes.

I hereby certify that the foregoing statements are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are subject to penalties relating to unsworn falsification to authorities.

Sworn and subscribed to
Before me this 9th day
of July 2022

_____
Notary Public
My Commission Expires: 10/23/2022

Gary Winfrey, Process Server

Commonwealth of Pennsylvania - Notary Seal
CAROL A CLABAUGH - Notary Public
Cumberland County
My Commission Expires Oct 23, 2022
Commission Number 1286388

FILED
8/1/2022 11:08 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Marissa Gomez DEPUTY

NI1.14843

## CAUSE NO. DC-22-06038

| | | |
|---|---|---|
| **KAREN MOORE, INDIVIDUALLY** | § | **IN THE DISTRICT COURT** |
| **AS PERSONAL REPRESENTATIVE** | § | |
| **OF THE ESTATE OF SHENNEICE** | § | **101st JUDICIAL DISTRICT** |
| **NICOLE MOORE DECEASED, AND** | § | |
| **ON BEHALF OF ALL WRONGFUL** | § | |
| **DEATH BENEFICIARIES** | § | |
| | § | |
| | § | |
| **V.** | § | |
| | § | |
| | § | |
| **CLASS 1 TRANSPORT, INC. AND** | § | |
| **RODNEY YEARICK** | § | **DALLAS COUNTY, TEXAS** |

## DEFENDANTS RODNEY YEARICK AND CLASS 1 TRANSPORT INC.'S
## ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **RODNEY YEARICK** and **CLASS 1 TRANSPORT, INC**. ("Defendants") and files this their Original Answer, and for same would respectfully show unto the Court as follows:

### I.

### GENERAL DENIAL

Defendants denies each and every, all and singular, the allegations contained in Plaintiffs' Original Petition, and demands strict proof thereof as authorized by Texas Rule of Civil Procedure 92.

### II.

### NOTICE OF SELF-AUTHENTICATION

In accordance with Rule 193.7 of the Texas Rules of Civil Procedure, Defendants hereby

**DEFENDANTS RODNEY YEARICK AND CLASS 1 TRANSPORT, INC.'S**
**ORIGINAL ANSWER**                                                    **PAGE 1**

provide written notice that they intend to use self-authenticated documents against Plaintiffs at any future pretrial proceeding, trial, or appeal in this matter.

### III.

### AFFIRMATIVE DEFENSES

Defendants hereby assert the following affirmative defenses and would show that the damages, or liabilities of which Plaintiffs complain, if any exist, are the result, in whole or in part, of the following:

**Sudden Emergency**: Defendants allege that the occurrence in question was due to a sudden emergency and not due to the negligence of Defendants.

**Comparative Responsibility**: Defendants would show that the damages, or liabilities of which Plaintiffs complain are the result, in whole or in part, of the negligence and/or negligence per se of Plaintiffs.

**Response to allegations of Gross Negligence** Defendants affirmatively plead the following provisions of Chapter 41 of the TEXAS CIVIL PRACTICE & REMEDIES CODE:

a. §41.003, which requires (a) that Plaintiffs prove by clear and convincing evidence, as defined by §41.001(2), that the harm with regard to which they seek recovery resulted from fraud, malice or gross negligence; (b) that the burden may not be shifted to the Defendants or satisfied by evidence of ordinary negligence, bad faith or a deceptive trade practice; (d) that exemplary damages may be awarded only if the jury was unanimous in regard to finding liability for and the amount of exemplary damages; and (e) that the jury must be instructed as to the requirement of unanimity regarding a decision on exemplary damages.

b. §41.004, which states (a) that except as provided by Subsection (b), exemplary damages may be awarded only if damages other than nominal damages are awarded; and (b) exemplary damages may not be awarded to a claimant who elects to have his recovery multiplied under another statute.

c. §41.006, which requires that, in an action in which there are two or more Defendants', an award of exemplary damages must be specific as to the Defendants, and each Defendants is liable only for the amount of each award made against that Defendants.

d. §41.007, which precludes the assessment or recovery of prejudgment interest on awards of exemplary damages.

e. §41.008, which (a) requires the trier of fact to determine the amount of economic damages separately from the amount of other compensatory damages; and (b) places limitations on the Plaintiffs' recovery of exemplary damages to the greater of (1) two times the amount of economic damages, as defined by §41.001(4), plus an amount equal to non-economic damages found by the jury, not to exceed $750,000.00; or (2) $200,000.00.

f. §41.008(e), which provides that the preceding limitations may not be made known to the jury.

g. §41,009, which requires a bifurcated trial upon motion by any Defendants.

h. §41.010 and §41.012, which provide the jury instructions and considerations necessary before making and awarding exemplary damages.

i. §41.011, which provides the six areas of evidence that the trier of the fact shall consider relating to exemplary damages and providing that evidence that is relevant only to the amount of exemplary damages is not admissible during the first phase of a bifurcated trial.

j. §41.013, which sets forth the standard for judicial review of the award.

k. §41.0105, which states that in addition to any other limitation under law, recovery of medical or health care expenses incurred is limited to the amount of medical or health care expenses actually paid or incurred by or on behalf of the claimant.

In the event that this chapter does not apply, then:

a. There should be no recovery of exemplary or punitive damages for the reason that an award of such damage would be unconstitutional in failing to place a limit on the amount of such damage award; an award of such damages would be void for vagueness and violated of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the U.S. Constitution; an award of such damages would violate Art 1, § 10 and § 13 of the Constitution of the State of Texas.

b. Any award of punitive damages would violate the Excessive Fines Clause of the Eighth Amendments to the United States Constitution.

c. Punitive damages are a form of punishment imposed by the Court, and the standard of proof to sustain such damages must be clear and convincing evidence to comport with the Due Process Clause of the Fourteenth Amendment of the United States Constitution, Section 19 of the Constitution of the State of Texas, or the Constitution and laws of any other state deemed to apply in this case.

d. Any award of punitive damages would be imposed under a standard of conduct formulated years after any of Defendants' actions; a retroactive application of the standard of conduct would be a violation of due process.

## IV.

## <u>JURY DEMAND</u>

In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendants demand a trial by jury. A jury fee has been paid on behalf of Defendants.

**WHEREFORE, PREMISES CONSIDERED**, Defendants **RODNEY YEARICK** and **CLASS 1 TRANSPORT, INC**, pray that the Plaintiffs take nothing by this suit, that Defendants go hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendants may show itself justly entitled.

Respectfully submitted,

**FEE, SMITH & SHARP, L.L.P.**

*/s/ Rob Wright*
**MICHAEL P. SHARP**
State Bar No. 00788857
Email: msharp@feesmith.com
**ROB WRIGHT**
State Bar No. 24034184
Email: rwright@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
972-980-3255
972-934-9200 [Fax]

**ATTORNEYS FOR DEFENDANTS
CLASS 1 TRANSPORT, INC. AND
RODNEY YEARICK**

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been electronically served on all attorneys of record in this cause of action on the 1st day of August, 2022.

*/s/ Rob Wright*
**ROB WRIGHT**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Tasha George on behalf of Michael Sharp
Bar No. 788857
tlgeorge@feesmith.com
Envelope ID: 66835192
Status as of 8/1/2022 11:12 AM CST
Associated Case Party: KAREN MOORE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Andrea Miles | 24098102 | andrea@mileslegal.net | 8/1/2022 11:08:29 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Tasha George on behalf of Michael Sharp
Bar No. 788857
tlgeorge@feesmith.com
Envelope ID: 66835192
Status as of 8/1/2022 11:12 AM CST
Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jorge Sanchez | | 101court@dallascounty.org | 8/1/2022 11:08:29 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Tasha George on behalf of Michael Sharp
Bar No. 788857
tlgeorge@feesmith.com
Envelope ID: 66835192
Status as of 8/1/2022 11:12 AM CST
Associated Case Party: CLASS 1 TRANSPORT, INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael Sharp | | msharp@feesmith.com | 8/1/2022 11:08:29 AM | SENT |
| Valerie Whitesell | | vwhitesell@feesmith.com | 8/1/2022 11:08:29 AM | SENT |
| Rob Wright | | rwright@feesmith.com | 8/1/2022 11:08:29 AM | SENT |



**101ˢᵗ JUDICIAL DISTRICT COURT**
GEORGE L. ALLEN, SR. COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS  75202-4604
August 02, 2022

ANDREA MILES
MILES LAW GROUP PLLC
1111 W MOCKINGBIRD LINE 510
DALLAS TX  75247

Re:    DC-22-06038

      KAREN MOORE  vs.  CLASS 1 TRANSPORT, INC, et al

ALL COUNSEL OF RECORD/PRO SE LITIGANTS:
PLEASE TAKE NOTE OF THE FOLLOWING SETTINGS:

      Jury Trial - Civil:     06/13/2023 @ 9:00 AM    2-Week Trial Docket

Trial announcements **MUST BE MADE** in accordance with Rule 3.02, Local Rules of the Civil Court of Dallas County, Texas. All trial announcements must be made via email to 101court@dallascounty.org. The announcement must state whether you are "ready" or "not ready". If announcing "ready", please provide the number of hours it will take to try the case and the number of witnesses. Once the court has determined the order in which cases will be tried, the parties will be notified of the day and time your case will be called to trial. If you are placed on standby, your case may be called to trial with a 4-hour notice.

Please send all exhibits and witness lists to the court reporter at terri.etekochay@dallascounty.org and court at 101court@dallascounty.org.

If plaintiff fails to announce or to appear at trial, the case will be dismissed for want of prosecution in accordance with Rule 165a, Texas Rules of Civil Procedure. When **NO** announcement is made for defendant, defendant will be presumed ready.

All non-jury trials will be conducted via Zoom or a similar platform. Jury trials will resume at the George Allen Courts Building when Dallas County COVID-19 levels are considered safe. Completion of discovery, presentation of pretrial motions, and other matters relating to the preparation for trial are controlled by the Scheduling Order in this case or by the Texas Rules of Civil Procedure, in the event no Scheduling Order has been signed by the Court. No dispositive motions will be heard within 30 days of the trial date. Any Daubert/Robinson challenges must be scheduled and heard no later than 30 days before trial.

Please forward a copy of this notice to counsel of record for each party and all pro se parties by a method approved in Texas Rules of Civil Procedure 21a.

Sincerely,

Staci Williams
Presiding Judge, 101ST DISTRICT COURT



**101ˢᵗ JUDICIAL DISTRICT COURT**
GEORGE L. ALLEN, SR. COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS  75202-4604
August 02, 2022

MICHAEL PAUL SHARP
FEE SMITH SHARP & VITULLO LLP
13155 NOEL RD
STE 1000
DALLAS          TX  75240

Re:     DC-22-06038

        KAREN MOORE  vs.  CLASS 1 TRANSPORT, INC, et al

ALL COUNSEL OF RECORD/PRO SE LITIGANTS:
PLEASE TAKE NOTE OF THE FOLLOWING SETTINGS:

           Jury Trial - Civil:        06/13/2023 @ 9:00 AM   2-Week Trial Docket

Trial announcements **MUST BE MADE** in accordance with Rule 3.02, Local Rules of the Civil Court of Dallas County, Texas. All trial announcements must be made via email to 101court@dallascounty.org. The announcement must state whether you are "ready" or "not ready". If announcing "ready", please provide the number of hours it will take to try the case and the number of witnesses. Once the court has determined the order in which cases will be tried, the parties will be notified of the day and time your case will be called to trial. If you are placed on standby, your case may be called to trial with a 4-hour notice.

Please send all exhibits and witness lists to the court reporter at terri.etekochay@dallascounty.org and court at 101court@dallascounty.org.

If plaintiff fails to announce or to appear at trial, the case will be dismissed for want of prosecution in accordance with Rule 165a, Texas Rules of Civil Procedure. When **NO** announcement is made for defendant, defendant will be presumed ready.

All non-jury trials will be conducted via Zoom or a similar platform. Jury trials will resume at the George Allen Courts Building when Dallas County COVID-19 levels are considered safe. Completion of discovery, presentation of pretrial motions, and other matters relating to the preparation for trial are controlled by the Scheduling Order in this case or by the Texas Rules of Civil Procedure, in the event no Scheduling Order has been signed by the Court. No dispositive motions will be heard within 30 days of the trial date. Any Daubert/Robinson challenges must be scheduled and heard no later than 30 days before trial.

Please forward a copy of this notice to counsel of record for each party and all pro se parties by a method approved in Texas Rules of Civil Procedure 21a.

Sincerely,

Staci Williams
Presiding Judge, 101ST DISTRICT COURT

pc:  ANDREA MILES; MICHAEL PAUL SHARP